NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OLGA OFELIA TORRES AGUILAR,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-6084

D.C. No.
2:22-cv-08077-FWS-MRW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted November 21, 2025**
Pasadena, California

Before: CLIFTON, BYBEE, and DE ALBA, Circuit Judges.

Olga Ofelia Torres Aguilar ("Torres") appeals the district court's order

affirming an administrative law judge's ("ALJ") denial of her application for

supplemental security income under Title XVI of the Social Security Act. On

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeal, Torres argues that the ALJ erred by failing to properly consider the impact of her conversion disorder[1] when determining the severity of her impairment and assessing her residual functional capacity ("RFC"), by discounting her testimony, and by discounting the opinion of her psychotherapist.

This Court maintains jurisdiction over this appeal under 28 U.S.C. § 1291. We review district court orders affirming an ALJ's denial of social security benefits de novo, and we will only disturb the denial if the decision contains legal error or is not supported by substantial evidence. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). Substantial evidence is relevant evidence a reasonable person might accept as adequate to support a conclusion, and "must be more than a mere scintilla, but may be less than a preponderance …." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015), as amended (citation and internal quotation marks omitted). Where evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir.

---

[1] Conversion disorder is a mental health condition where a person experiences physical, neurological symptoms that cannot be explained by a recognized physical condition. Functional Neurologic Disorder/Conversion Disorder, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/conversion-disorder/symptomscauses/syc-20355197. While the physical manifestation of symptoms vary, conversion disorder often manifests as affecting movement, ability to walk, swallow, see or hear. *Id.* The symptoms are not intentionally produced or controlled. *Id.*

2022). Accordingly, a reviewing federal court "may not reweigh the evidence or substitute [its] judgment for that of the ALJ." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). "Overall, the standard of review is highly deferential" to the ALJ. *Rounds*, 807 F.3d at 1002 (citation and internal quotation marks omitted). We affirm the district court.

1.      Substantial evidence supports the ALJ's determination that Torres' conversion disorder was non-severe and had a limited impact on her RFC. An impairment is not severe if the evidence establishes that it does not significantly limit the claimant's ability to work. 20 C.F.R. § 416.922. The ALJ considered all of Torres' psychological symptoms across all four functional areas assessed for mental impairments, 20 C.F.R. 416.920a(c)(3) (i.e., remembering or applying information; interacting with others; ability to concentrate, persist, or maintain pace; and ability to adapt and manage herself), and their cumulative effect on Torres' functioning. In conducting this analysis, the ALJ relied on Torres' own hearing testimony, the opinion of a consultative psychiatric examiner, and assessments from state agency psychiatric consultants. This evidence showed that Torres could perform basic household chores, prepare meals, drive, spend time with friends and family, and handle self-care and personal hygiene. Accordingly, the ALJ found that Torres had no limitations in the four functional areas assessed. Torres did not meet her burden of establishing that her impairment had more than a

minimal impact on her ability to work, therefore the ALJ did not err in determining that her conversion disorder was a non-severe impairment. 20 C.F.R. § 416.922; *see Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

2. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks omitted). "[I]f the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* (quoting *Smolen*, 80 F.3d at 1281). When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may weigh the medical evidence as undercutting such testimony. *Smartt*, 53 F.4th at 498. "[T]he ALJ may consider, among other factors, 'ordinary techniques of credibility evaluation,' 'inadequately explained failure to seek treatment or to follow a prescribed course of treatment,' and 'the claimant's daily activities.'" *Rounds*, 807 F.3d at 1006 (quoting *Smolen*, 80 F.3d at 1284).

Here, the ALJ provided specific, clear, and convincing reasons for

discounting Torres' allegations. The ALJ relied on the opinions of state agency consulting physicians, who found the claimant could engage in a range of work-related activities. The ALJ also cited notes from a treating physician who conducted a neurological examination of Torres in June 2019 and noted that Torres displayed a significant lack of effort during her strength examination. He also noted that while "there is a strong functional component with conversion disorder … [i]t is also possible that the patient has a real problem but is exaggerating her symptoms." While the ALJ likely should have provided a more detailed explanation for refusing to accept Torres' reasons for failing to follow treatment recommendations, *see* Social Security Ruling (SSR) 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017), the record as a whole provides substantial evidence to support discounting Torres' testimony.

3.      Under the regulations as they existed when Torres' application was considered by the ALJ, a psychotherapist was not considered an "acceptable medical source." Rather, they were "other sources" not entitled to the same deference as acceptable medical sources. 20 C.F.R. § 404.1513(d). An ALJ could discount the opinion of an "other source" if the ALJ provided germane reasons. *Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017). Here, Torres' psychotherapist was a Licensed Marriage and Family Therapist ("LMFT") and considered an "other source." *See* 20 C.F.R. § 404.1513(d). The LMFT provided

24-6084

a one-page assessment, which consisted solely of conclusory determinations contradicted by the other medical assessments. The ALJ found that the LMFT's assessment was inconsistent with all the other medical findings and was unsupported by notes or treatment information. These constitute germane reasons for discounting the psychotherapist's assessment. 20 C.F.R. § 416.927(c)(3); *see also Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (stating that an ALJ may discredit a physician's opinion that is "conclusory, brief, and unsupported by the record as a whole or by objective medical findings") (simplified). Accordingly, the ALJ did not err by giving little weight to the LMFT's opinion.

**AFFIRMED.**